THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AGUSTÍN SOLER, Defendant and Appellant.

Nos. 10138, 10139, and 10140. Argued November 3, 1943.
Decided December 7, 1943.

*Angel Muñoz Igartúa* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Procuting Attorney,* for appellee.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Section 1 of Act No. 49, approved August 7, 1935 (Spec. Sess. Laws, p. 538), provides that "no person shall be employed or shall be permitted to work in any commercial, industrial, or agricultural establishment or in any other lucrative business more than eight (8) hours during any natural day." The same Section establishes the following exceptions:

(*a*) In case of some extraordinary event or emergency caused by fire, famine, or flood, or danger to life, property or public safety or health, provided that the Governor subsequently declares that the violations committed were excusable.

(*b*) The limit of eight hours established for all normal labor "may be extended to a period that shall not exceed nine (9) hours during any natural day" on condition that

the person so employed shall be paid for the work that he does during such extra time at a rate double that of the wages being paid to him by the hour for regular work.

In the Municipal Court of Manatí three complaints were filed against Agustín Soler, foreman of an agricultural enterprise devoted to the cultivation of cane and belonging to the employer Florida Agrícola Co. In each of said complaints he was charged with a violation of the provisions of §1 of the said Act of 1935 in that he had permitted an employee of the said enterprise (*colonia*) to work "from 6: 00 A. M. to 12: 00 M. and from 12: 30 P. M. to 4: 30 P. M., that is, more than eight hours during said day, without there being any extraordinary event or emergency nor any other special circumstance, etc."

After the three cases had been tried jointly before the District Court of Arecibo, the defendant was convicted of the three alleged violations and sentenced in each of the three cases to the payment of a fine of $100 and imprisonment in default of such payment, with costs. Feeling aggrieved by those three judgments, the defendant appealed. The three appeals were heard together and submitted upon a single brief. The appellant maintains that the lower court erred in overruling the demurrers interposed to the three complaints, in weighing the evidence, and in acting under the influence of passion, prejudice, and partiality against the defendant during the course of the trial.

We think that the three complaints were sufficient to inform the defendant of the nature of the violation charged against him. Section 4 of Act No. 49 of 1935, provides that the word "*employer* includes every natural or artificial person and the manager, superintendent, foreman, *mayordomo* (overseer), or representative of said natural or artificial person." Section 8 of the same Act provides that "every employer violating this Act, or any section or provision hereof shall be guilty of a misdemeanor, etc."

In the complaint it is alleged that the accused, while acting as foreman of his employer Florida Agrícola Co., permitted an employee of the latter to work ten hours during April 18, 1941. The statute imposes on the foreman the same obligation that it does upon the employer, namely, not to permit the employees to work more than eight ours during any natural day. The lower court did not err in overruling the demurrers. See *People* v. *Giraud*, 52 P.R.R. 30, 32.

 Let us examine the evidence. The one offered by the district attorney was as follows:

Emilio Tirado Parés, District Supervisor of the Department of Labor, testified that on April 18, 1941, he visited the Fortuna Plantation (*colonia*), after 4:30 P. M. while they were still working on said plantation, of which the defendant had charge as a foreman; that he did not know of his own knowledge the time at which those workmen had started their work; that he arrived there after four o'clock and that he had not been there during the rest of the day.

Francisco Jiménez Valle, when testifying with reference to case No. 6198 (appeal No. 10,138), stated that on April 18, 1941, he worked with the defendant in the Fortuna Plantation (*colonia*), loading trucks; that he informed the employee of the Department of Labor that they had worked for more than eight hours; that they worked 9 hours and had not been paid for the extra hour.

Fernando Abrahams Méndez, when testifying as to case No. 6199 (appeal No. 10,139), stated that on April 18 he worked at the Fortuna Plantation under foreman Agustín Soler, loading cane; that on that day he worked ten hours, starting at 6 A. M. and finishing at 4: 30 P. M.; that he came to work at 6, went to lunch at 12, returned to work at 12: 30 and quit at 4: 30; that they did not pay him for the extra hours; that all the persons who worked there on that day started work at the same hour and quit at the same time; that he did not remember on what day he worked ten hours and

was not paid for the extra hours; that it was a Thursday, and the labor Agent went there on Friday.

Julio Carrión, a witness introduced by the district attorney to support the complaint in case No. 6200 (appeal No. 10,140), testified that on the day of the occurrence he worked in the Plantation, loading trucks; that he started work at 6 in the morning, went out at 12, returned at 12:30, and quit work at 4:30 P.M.; that he worked ten hours and did not collect for the two extra hours; that he made no complaint to the foreman because "they stated that they were not bound to pay any extras, and that if it suited us we could work"; that he did not remember the day to which he referred; that he never collected for any extra hours; and that they owed him 54 hours, more or less.

The evidence for the defense consisted of the testimony of three fellow workers of the witnesses for the prosecution and that of the overseer of the Fortuna property. All of them testified in short that on the day of the occurrence the workers engaged in loading trucks began their work at six o'clock in the morning; that they suspended work and rested at eleven; that they resumed the work at 12 and finished it at half past three in the afternoon, having worked for a total of 8 hours.

The evidence introduced to support the complaint in appeal No. 10,138 is clearly insufficient. The testimony of the Agent of the Department of Labor lacks probative value, for this witness could only testify that when he arrived in the Plantation at 4:30 P.M., the laborers were working; and he was unable to state precisely at what time they had started to work. The testimony of the workman Francisco Jiménez Valle, whom, it is alleged, the defendant permitted to work for ten hours, was to the effect that said workman had worked nine hours and that he had not been paid for the extra hour. These facts do not constitute by themselves a violation of the law. The latter, as we have seen, authorizes

the employment of a workman "for a period not to exceed nine (9) hours during any natural day," subject only to the condition that he must be paid for the extra hour double the rate that he is being paid for each regular hour. It is true that the defendant, in his capacity as a foreman, permitted the laborers to work for a period of nine hours, but there is no evidence to show that it was the defendant who was bound to pay to the workman for the extra hour. If this obligation devolved upon the real employer, the owner of the property, the noncompliance therewith can not be charged against the defendant so as to make him criminally responsible. The question of whether criminal or civil liability attaches to the owner of a property who permits his workmen to work nine hours and refuses to pay them for the extra hour, is one which we are not deciding, as it is not involved in this case. We only hold that, under the facts and circumstances of this case, the defendant foreman is not guilty of any violation of Act No. 49 of 1935 and that the sentence imposed upon him must be reversed

The evidence adduced to support the other two cases is conflicting. The laborers Fernando Abrahams Méndez and Julio Carrión assert that they worked ten hours during the day specified in the complaint. The defense witnesses maintain that they, similarly as Abrahams and Carrión, worked only eight hours. The trial court who saw and heard all the witnesses testify decided the conflict by according credit to the witnesses for the prosecution and denying it to those for the defense. The evidence believed by the lower court is sufficient to support the complaint, and it is not necessary, as the appellant claims, that the testimony of the only witness for the prosecution in each case should be corroborated by other witnesses. The evidence introduced by the district attorney and believed by the trial court establishes the essential fact that the defendant, while acting as foreman of the property in question, permitted the two laborers above

652

mentioned to work ten hours during the aforesaid day, and in so doing he violated the provisions of §1 of Act No. 49 of 1935.

█ Considering that the person principally responsible for, and main beneficiary of, these violations is the owner of the property, or agricultural establishment, although the foreman is also responsible by virtue of the express mandate of the law, we agree with the appellant that the fine of $100, which was imposed upon him in each case and which is the maximum penalty fixed by the statute, is excessive and should be reduced in both cases.

For the reasons stated the judgment rendered by the District Court of Arecibo on December 4, 1941, in appeal No. 10,138, must be reversed and the defendant discharged.

The judgments in appeals Nos. 10,139 and 10,140, both of which were rendered on December 4, 1941, must be modified in the sense of reducing to $25 the amount of the fine to be paid on each case, and in default of such payment, the defendant shall be confined in jail one day for each dollar left unpaid, with costs. And as thus modified, the judgments will be affirmed.